

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SCOTT RAY BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:11-CV-1932-VEH |
| | ) |
| **RICHARD F. BLISS, JR.;** | ) |
| **RICHARD F. BLISS, III.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Plaintiff Scott Ray Brown initiated this personal injury on June 7, 2011, against Defendants Richard F. Bliss, Jr. and Richard F. Bliss, III. (Doc. 1). This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 7).

**I.    STANDARD ON MOTION TO DISMISS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. "Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "Subject matter

jurisdiction is conferred and defined by statute. It cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency." *Id.* "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 11292, 1299 (11th Cir. 2001).

Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, the plaintiff constantly "bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1] Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999).

Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca*, 613

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981.

jurisdiction is conferred and defined by statute. It cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency." *Id.* "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 11292, 1299 (11th Cir. 2001).

Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, the plaintiff constantly "bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1] Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999).

Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca*, 613

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981.

F.2d at 511). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quoting *Menchaca*, 613 F.2d at 511). Here, the Judicial Defendants make a facial attack on the Complaint.

"[A] plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Morrison*, 228 F.3d at 1273 (quoting *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)). "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Id.* (quoting *Majd-Pour v. Georgiana Comty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)).

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Because the requirement of subject matter jurisdiction involves the court's competency to consider a given type of case, it "cannot be waived or otherwise conferred upon the court by the parties." *Id.* at 975 (quoting *Univ. of S. Ala.*, 168 F.3d at 410).

## II. ANALYSIS

The Complaint asserts that the court has jurisdiction over the action under 28 U.S.C. § 1332(a)(1). (Doc. 1 at ¶ 4). Plaintiff alleges that he is a citizen of the state of Florida and that both Defendants are citizens of the state of Alabama. (Doc. 1 at ¶¶ 1, 2, 3). Defendants assert "on information and belief" that Plaintiff is not a citizen of the state of Florida but is instead a citizen of the state of Alabama and, therefore, this Court lacks subject matter jurisdiction over this matter. (Doc. 7 at 1, 3). Defendants allege "on information and belief" that Plaintiff returned to Talladega County, Alabama after a stay in Florida with no intent to domicile [stet] anywhere other than the state of Alabama. (Doc. 7 at 2, 3).

28 U.S.C. § 1332(a)(1) confers jurisdiction on the federal courts in civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Federal diversity jurisdiction requires "complete diversity," that is, the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Citizenship for the purposes of jurisdiction is determined at the time the case is filed. *Smith v. Sperling*, 345 U.S. 91, 93 n.1 (1957).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 157 (11th Cir. 2002). "A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and

4

to which he has the intention of returning whenever he is absent therefrom.'" *Id.*, at 157-58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). A change of domicile requires a concurrent showing of physical presence at a new location with the intent to remain there indefinitely. *Id.* at 1258. Factors to take into account in determining domicile include:

> current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes.

*McDonald v. Equitable Life Ins. Co.*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998). No single factor is determinative, instead the Court employs a totality of the evidence approach.

In his affidavit, Plaintiff avers that he has lived continuously in the state of Florida for the past thirty-two years and considers himself a permanent resident and citizen of the state of Florida. (Doc. 8-1 at ¶¶ 4-5). Plaintiff states that, although he has on several occasions made trips to Talladega, Alabama to visit his father and other relatives which lasted up to three months at a time, he never intended to move to Alabama on a permanent basis. (*Id.* at ¶ 6). Plaintiff has an identification card issued by the state of Florida on August 28, 2006, that expired on September 4, 2010,

5

listing Tarpon Springs, Florida as his place of residence. (Doc. 8-2). Plaintiff also signed a lease on an apartment in Tarpon Springs, Florida beginning on September 24, 2010, and ending on July 31, 2011. (Doc. 8-3). Plaintiff's address as listed on a social security authorization form dated February 5, 2010, is Tarpon Springs, Florida. (Doc. 8-5). Plaintiff's address as listed on a social security disability letter dated May 25, 2010, is Tarpon Springs, Florida. (Doc. 8-6).

Based on the totality of the evidence before it, this Court finds that Plaintiff was a citizen of the state of Florida on June 7, 2011, the date the Complaint was filed. Thus there is complete diversity of citizenship between Plaintiff and Defendants and the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Motion to Dismiss is hereby **DENIED**.

**DONE** and **ORDERED** this the 2nd day of August, 2011.

                                                        **VIRGINIA EMERSON HOPKINS**
                                                        United States District Judge